# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Respondent/Plaintiff, | ) |
| v. | ) Case No. 12-40109-JAR |
| DONALD GENE GARST, | ) |
| Movant/Defendant. | ) |

## MEMORANDUM AND ORDER

Defendant Donald Gene Garst pleaded guilty to one count of bulk cash smuggling under 31 U.S.C. § 5332, and was sentenced to 30 months' imprisonment (Doc. 44). The Tenth Circuit Court of Appeals dismissed Defendant's appeal on July 17, 2013 (Doc. 47). This matter is before the Court on Defendant's Motion to Request Action (Doc. 50), specifically, that the Court grant an extension of time to file a motion pursuant to 28 U.S.C. § 2255 as well as to appoint counsel to assist him in completing said motion. As set forth in detail below, Defendant's requests are denied.

**Motion for Extension of Time**

Defendant asks for a ninety-day extension of the deadline to file a § 2255 motion. A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief.[1] This statute provides that a defendant has one year from the date his judgment of conviction became final to file his § 2255 motion.[2] The Court has no authority to extend the

---

[1] *See* 28 U.S.C. § 2255(f).

[2] *Id*. at (f)(1).

statutory deadline in § 2255.[3] While the deadline to file a § 2255 motion is subject to equitable tolling, the question of tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the court *sua sponte*.[4]

Here, Defendant did not file a petition for writ of certiorari with the Supreme Court, and his conviction became final on or about October 15, 2013, or ninety days after the Tenth Circuit filed its opinion dismissing his appeal.[5] Thus, in order to be timely under § 2255(f)(1), Defendant is required to file a § 2255 motion within one year of October 15, 2013. Accordingly, Defendant's deadline to file a § 2255 motion has not yet run, and his request for extension of time is premature.

**Motion for Appointment of Counsel**

A defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a § 2255 motion unless the Court determines that an evidentiary hearing is required.[6] In determining whether to appoint counsel in a civil case, the court considers several factors including (1) the merits of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the

---

[3]*Washington v. United States*, 221 F.3d 1354 (Table), 2000 WL 985885, at *1-2 (10th Cir. July 18, 2000).

[4]*United States v. Daniels*, 191 F. App'x 622 (10th Cir. 2006).

[5]*See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000) (holding where a defendant does not file a petition for writ of certiorari, direct review is completed and the decision becomes final when the time for filing a certiorari petition expires, *i.e.*, ninety days after the court of appeals issues its judgment); Sup. Ct. R. 13(3) ("The time to file a petition for certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .").

[6]Rule 8(c) of the Rules Governing Section 2255 Proceedings; *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Evans*, 51 F.3d 287 (10th Cir. 1995).

claims involved.[7] Here, Defendant has yet to file a § 2255 motion, and his motion to appoint counsel does not address or inform the Court of any of the above factors. Accordingly, the Court denies Defendant' request, without prejudice to refile.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Extension of Time (Doc. 50) is **denied** as premature; Defendant's Motion to Appoint Counsel (Doc. 50) is **denied without prejudice.**

**IT IS SO ORDERED.**

Dated: January 29, 2014

                S/ Julie A. Robinson

                JULIE A. ROBINSON

                UNITED STATES DISTRICT JUDGE

---

[7] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).