## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | |
| | ) | **Case No. 12-40109-JAR** |
| **v.** | ) | **Case No. 14-cv-4087-JAR** |
| | ) | |
| **DONALD GENE GARST,** | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |
| ———————————————— | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Donald Gene Garst's Motion under 28

U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc.

57).  In his motion, Petitioner seeks relief on grounds that he was denied effective assistance of

counsel.  The Government has responded (Doc. 60) and Garst has filed a reply (Doc. 61).  After

a careful review of the record and the arguments presented, the Court denies Garst's motion

without further evidentiary hearing.

### I.      Legal Standards

#### A.      General

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts:

> The judge who receives the motion must promptly examine it.  If it
> plainly appears from the motion, any attached exhibits, and the
> record of prior proceedings that the moving party is not entitled to
> relief, the judge must dismiss the motion . . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[1]  Petitioner must allege facts which, if proven, would warrant relief from his conviction or sentence.[2]   An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[4] "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not."[5]  A movant may overcome this procedural bar by

---

[1] 28 U.S.C. § 2255(b).

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).

[3] *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

[4] 28 U.S.C. § 2255.

[5] *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied,* 547 U.S. 1097 (2006).

showing either of "two well recognized exceptions."[6]  First, the movant must show good cause

for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not

considered.[7]  Cause may "be established by showing that counsel rendered constitutionally

ineffective assistance."[8]  Second, the movant must show that "failure to consider the federal

claims will result in a fundamental miscarriage of justice."[9]

### B.      Ineffective Assistance of Counsel

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall

enjoy the right . . . to have the Assistance of Counsel for his defence."[10]  A successful claim of

ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v.*

*Washington*.[11]  First, a defendant must show that his counsel's performance was deficient in that

it "fell below an objective standard of reasonableness."[12]  To meet this first prong, a defendant

must demonstrate that the omissions of his counsel fell "outside the wide range of professionally

competent assistance."[13]  This standard is "highly demanding."[14]  Strategic or tactical decisions

---

[6]*United States v. Cervini,* 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904 (2005).

[7]*Id.*

[8]*United States v. Wiseman,* 297 F.3d 975, 979 (10th Cir. 2002) (citations omitted).

[9]*Cervini,* 379 F.3d at 990 (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)); *see Bousley v. United States,* 523 U.S. 614, 621–22 (1998) (holding that a showing of actual innocence meets the fundamental miscarriage of justice prong).

[10]U.S. Const. amend. VI; *Kansas v. Ventris*, 556 U.S. 586 (2009).

[11]466 U.S. 668 (1984).

[12]*Id.* at 688.

[13]*Id.* at 690.

[14]*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[15] In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[16] Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.'"[17]

Second, a defendant must also show that his counsel's deficient performance actually prejudiced his defense.[18] To prevail on this prong, a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."[19] A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[20] This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[21] A defendant must demonstrate both *Strickland* prongs to establish a

---

[15]*Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

[16]*Strickland*, 466 U.S. at 689.

[17]*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[18]*Strickland*, 466 U.S. at 687.

[19]*Id*. at 694.

[20]*Id*.

[21]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[22]

Finally, Garst appears *pro se*. Therefore, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[23]  If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[24]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[25]  For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[26]

## II.     Procedural Background

On November 9, 2012, Garst pled guilty to one count of bulk cash smuggling under 31 U.S.C. § 5332(a)(1).[27]  This count involved Garst's concealment of $150,000 in a shipping box and his attempt to send the box from Afghanistan to Kansas without complying with currency reporting requirements.[28]  This Court sentenced Garst to 30 months' custody and imposed a fine

---

[22]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000) (quoting *Strickland*, 466 U.S. at 697) ("The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'"); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

[23]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[24]*Id*.

[25]*Id*.

[26]*See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[27]Doc. 16, Plea Agrmt. ¶ 1.

[28]*See* 31 U.S.C. § 5332(a)(1)(B) (2006) (requiring individuals to report monetary transfers into the United States exceeding $10,000).

of $52,117.37,[29] which Garst agreed to pay as part of his Plea Agreement.[30]  This amount represents the total amount of funds that Garst received from the first kickback of a scheme with an Afghan contracting company and then deposited or caused to be deposited into his bank account and bank accounts belonging to his ex-wife and daughter, and the funds received in wire transfers from Somo Logistic executives.[31]

Garst filed a direct appeal, which the United States Court of Appeals for the Tenth Circuit dismissed on June 25, 3013.[32]  On September 8, 2014, he timely filed the pending motion under 28 U.S.C. § 2255.[33]

III.    Discussion

Garst asserts three grounds for relief 1) counsel was ineffective when he failed to object to the fine imposed;  2) counsel was ineffective when he failed to challenge Petitioner's fine under the Sentencing Guidelines criteria; and 3) counsel was ineffective for including a collateral attack waiver in the Plea Agreement.  The Court discusses each claim in turn.

A.      Ground One

Garst argues that counsel ineffectively allowed him to agree to the fine of $52,117.37 in his Plea Agreement because imposition of a fine was not permitted under his statute of

---

[29]Doc. 44, Am. J. at 5.

[30]Doc. 16 at ¶ 6(e).

[31]Doc. 26, Gov't Sentencing Mem. at 5–6.

[32]Doc. 47.

[33]28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section.  The limitation shall run from . . . the date on which the judgment of conviction becomes final.").

6

conviction:

> Petitioner's counsel rendered ineffective assistance when he failed to be knowledgeable of the applicability of the laws relevant to Petitioner's offense, and by allowing the Plea Agreement to included a provision for a fine, and by allowing the Court to impose a fine without challenging the imposition. Petitioner was prejudiced by counsel's deficient performance, in that he was penalized with the imposition of a fine not clearly allowed under the statutes.[34]

Garst's claim is based on the faulty premise that his statute of conviction did not authorize the imposition of a fine. Although § 5332(b) does not specify a fine as a potential punishment, a district court is authorized to impose a fine under two separate statutes. First, 31 U.S.C. § 5322(a) specifically authorizes imposition of a fine up to $250,000 for violations of subchapter II; title 31, of which § 5332 is a part of. Section 5322(a) states:

> **A person willfully violating this subchapter** or a regulation prescribed or order issued under this subchapter (except section 5215 or 5324 of this title or a regulation prescribed under section 5315 or 5324), or willfully violating a regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, **shall be fined not more than $250,000, or imprisoned for not more than five years, or both**.[35]

Because Garst violated a provision of subchapter II of Chapter 53 of Title 31, § 5322(a) applies to him and authorized this Court to impose a fine of not more than $250,000.

Alternatively, this Court had authority to impose a fine under 18 U.S.C. § 3571, which states "[a] defendant who has been found guilty of an offense may be sentenced to pay a fine."

---

[34]Doc. 57 at 6.

[35]31 U.S.C. § 5322(a) (emphasis added).

By pleading guilty to the violation of § 5332(a)(1), Garst faced a five-year maximum sentence under § 5332(b), qualifying as a Class D felony,[36] which authorized this Court to impose a fine of not more than $250,000.[37]

Because Garst's statute of conviction authorized this Court to impose a fine based on two separate and alternatively sufficient statutes, his claim of ineffective assistance of counsel must fail.  And because a fine was authorized, his counsel's failure to incorrectly argue that a fine was not authorized did not prejudice Garst under *Strickland*'s second prong because such failure did not affect the outcome of the proceeding or render it fundamentally unfair.  Accordingly, this claim is denied.

### B.   Ground Two

Garst claims that his counsel ineffectively failed to argue that the fine he agreed to pay in his Plea Agreement not be imposed.  Garst argues that "he is excepted from the payment [of the fine] under § 5E1.2" of the Sentencing Guidelines because he did not and does not have the ability to pay a fine.[38]

Garst's claim fails under both *Strickland* prongs.  First, counsel did not perform deficiently because Garst's agreement to pay the fine was a material term of his Plea Agreement with the Government.  As the Government notes, if counsel had argued that no fine be imposed, such argument would have exposed Garst to a claim by the Government that he had breached the

---

[36] 18 U.S.C. § 3559(a)(4).

[37] 18 U.S.C. § 3571(b)(3).

[38] Doc. 57 at 6–8.  *See* U.S.S.G. § 5E1.2(a) ("The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine.").

Plea Agreement.  In that Agreement, the Government agreed not to file any additional charges and to recommend a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, but further stated that the Government is not bound by these agreements in the event defendant breaches or violates the Agreement.[39]

At the sentencing hearing, however, the Government argued that the three-level reduction for acceptance of responsibility should not apply, in light of Garst's apparent attempt to falsely contest relevant conduct, specifically the kickback scheme that was the origin of the funds he smuggled into the United States.[40]  In his sentencing memorandum, Garst made reference to the origin of the proceeds as gambling money, which the Government argued relieved it of the obligation under the Plea Agreement.[41]  Although the Court initially agreed that Garst was not entitled to the three-level reduction, it ultimately reversed itself and granted the reduction for acceptance of responsibility after counsel for Garst vigorously argued in his favor.[42]  Under these circumstances, counsel's decision to forego an argument against imposition of the agreed-upon fine was manifestly reasonable and did not fall "outside the wide range of professionally competent assistance."[43]

Nor did counsel's failure to make this argument prejudice Garst.  As noted, Garst agreed as part of his Plea Agreement to the amount of the fine.  And, as previously discussed, counsel's

---

[39]Doc. 16 at ¶ 5.

[40]Doc. 39, Sentencing Hrg. Tr. at 80–81.

[41]*Id*. at 89.

[42]*Id*. at 107–21; 122–23.

[43]*Strickland*, 466 U.S. at 690.

effective advocacy persuaded the Court to grant the three-point reduction, which resulted in a lower Guidelines sentence range.[44]  Any further argument by counsel against imposition of the fine would have belied Garst's acceptance of responsibility, nullified the Plea Agreement, and jeopardized any benefit conferred by counsel's able representation in securing the three-level reduction.  Accordingly, Garst has failed to show he is entitled to relief under either *Strickland* prong, and this claim is denied.

### C.     Ground Three

Finally, Garst claims that counsel was ineffective for negotiating a collateral attack waiver in the Plea Agreement.  Garst contends that there is an "inherent conflict of interest" in plea agreements that contain collateral attack waivers, because defense counsel routinely allow their inclusion to avoid being accused of ineffectiveness or incompetence.  Garst argues that it is "self-evident that an attorney has a personal interest in the inclusion of a collateral attack waiver, which is a clear violation of the ethical standards promulgated by the Kansas Bar Association as well as all State Bar Associations."[45]  Thus, Garst appears to argue that his claim falls within the *Cockerham* exception because his Plea Agreement was not executed knowingly and voluntarily because his counsel had a conflict of interest in negotiating the collateral attack waiver.

Counsel's duty to advise Garst fully about the consequences of his guilty plea, including the waiver of ineffective assistance of counsel claims, does not inherently create a conflict of

---

[44]The Court's tentative sentence without the three-level reduction was 33 months (total offense level of 20, Guidelines range of 33 to 41 months). Doc. 39 at 102.

[45]Doc. 57 at 10–11.

interest.  "A waiver of § 2255 rights in a plea agreement is generally enforceable."[46]  A collateral-attack waiver is enforceable if: (1) the disputed appeal falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) the enforcement of the waiver would not result in a miscarriage of justice.[47]  The Tenth Circuit has held that it will "enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver."[48]  Accordingly, "a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the plea or the waiver."[49]

Garst's Plea Agreement contains a broad waiver of his right to appeal and collaterally attack his conviction.  The Agreement states that Garst

> knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with his prosecution, conviction, and the components of his sentence to be imposed herein . . . . The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187

---

[46]*United States v. Cockerham*, 237 F.3d 1179, 1183–87 (10th Cir. 2001).

[47]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

[48]*Cockerham*, 237 F.3d at 1187.

[49]*Id.*

(10th Cir. 2001)] . . . .[50]

Garst's claims regarding his counsel's conflict of interest and failure to explain that he could not attack his sentence fall within the scope of the waiver.

In determining whether a defendant knowingly and voluntarily waived his right to appeal, we look to "whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily," and whether there was an adequate Federal Rule of Criminal Procedure 11 colloquy."[51]   The defendant bears the burden of showing that he did not knowingly and voluntarily waive the right to appeal his sentence.[52]   In making this determination, the court may consider the entire plea agreement.[53]   The Tenth Circuit looks to whether the defendant understood the nature of the charges against him, as well as the consequences of entering a plea.[54]   The consequences of a plea agreement include the waiver of constitutional rights, as well as the possible penalties.[55]

Here, there is no question based on the plea petition, plea agreement, and Rule 11 colloquy, that Garst understood the nature of the charges against him, the rights he gave up when he entered the guilty plea, and the possible penalties for the offense.   The plea petition attests that Garst has "read, understood, and discussed with my attorney, each and every part of this

---

[50]Doc. 16 at 14–15.

[51]*Hahn*, 359 F.3d at 1325.

[52]*United States v. Ochoa-Colchado*, 521 F. 3d 1292, 1299 (10th Cir. 2008).

[53]*United States v. Rollings*, 751 F.3d 1183 (10th Cir. 2014).

[54]*Id*. at 1193–94.

[55]*Id*. at 1190.

Petition to Plead Guilty, and that the answers which appear in every part of this petition are true and correct."[56]  The Plea Agreement further states that he is entering into the agreement "knowingly, freely, and voluntarily."[57]  Finally, the Rule 11 colloquy confirms that Garst knowingly and voluntarily entered into the Plea Agreement and was fully informed of the nature of the charges against him, as well as the rights he was giving up in his plea agreement and waiver.

Garst's claim that he was never advised by the Court at his Rule 11 hearing that he was waiving his right to collaterally attack his sentence is not supported by the record.  At the hearing, the Government summarized the terms of the Agreement, specifically paragraph 12, which "covers the defendant's voluntary and knowing waiver of his right to appeal or collaterally attack any matter in connection with the prosecution, conviction, and sentence in this case, to include supervised release."[58]  The Court asked Garst if there was anything the prosecutor said in summarizing the plea agreement that he did not understand or disagreed with, and Garst answered, "no, ma'am."[59]  The Court went on to explain that

> among the provisions of your plea agreement is one set out in
> paragraph number 12.  It's in this paragraph that you agree to
> waive your appellate rights to not be able to raise issues
> concerning the investigation, prosecution, conviction, **or sentence**
> in this case.  And paragraph 12 does carve out some exceptions
> under which you would have limited rights of appeal, but
> understand that otherwise you're giving up all other appellate

---

[56]Doc. 16 at 5.

[57]*Id*. at 17.

[58]Doc. 40, Plea Hrg. Tr. at 11.

[59]*Id*.

rights.  Do you understand that?[60]

Garst responded, "yes, ma'am."[61]  Finally, the Court finds nothing in the record that indicates that enforcing the waiver would result in a miscarriage of justice.

Moreover, Garst's conclusory statements fail to show an actual conflict of interest existed or that any such alleged conflict of interest adversely affected counsel's performance.  When a conflict of interest is at issue in an ineffective assistance inquiry, *Strickland's* prejudice requirement will be presumed if Petitioner shows that an actual conflict adversely affected her representation.[62]  "Petitioner has the burden to show that the relationship resulted in a division of loyalties which adversely affected counsel's performance.[63]  Garst chose to plead guilty pursuant to a written Plea Agreement because he wanted to obtain the benefit of having his sentence reduced based on cooperation and acceptance of responsibility.  A waiver is of value to a defendant "because it is another chip the defendant can bring to the bargaining table and trade for additional concessions from the government.  Bargains have to benefit both parties or there will be nothing to bargain about."[64]  Recasting his challenge to his sentence as an ineffective assistance of counsel claim is an attempt to elude the waiver provisions of the Plea Agreement and does not establish that a conflict of interest actually existed or that counsel's advice was contrary to Garst's interests.

---

[60]*Id*. at 12 (emphasis added).

[61]*Id*.

[62]*U.S. v. Solomon*, 42 F. App'x. 88, 90 (10th Cir. 2002).

[63]*Gleason v. McKune*, No. 11-3110-SAC, slip op. at 19 (D. Kan. July 19, 2012).

[64]*United States v. Smith*, 654 F.3d 1263, 1266 (11th Cir. 2011).

Accordingly, Garst fails to demonstrate that he suffered prejudice or that counsel was ineffective, and this claim is denied.

## IV. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[65] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[66] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[67] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[68] For the reasons detailed in this Memorandum and Order, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling on his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Donald Gene Garst's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 57)

---

[65]28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[66]*Said v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[67]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[68]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

is DENIED; Petitioner is also denied a COA.

**IT IS SO ORDERED.**

Dated: February 13, 2015

 S/ Julie A. Robinson             
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE